RECEIVED
USDC CLERK, CHARLESTON, SC

2005 DEC -2  A II: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Rakia Howard,                    )      C. A. No. 2:05-0980-HFF-RSC
                                 )
            Plaintiff,           )
                                 )
        -versus-                 )      **REPORT AND RECOMMENDATION**
                                 )
Jo Anne B. Barnhart,             )
Commissioner of Social           )
Security,                        )
                                 )
            Defendant.           )

This case is before the court pursuant to Local Rule
83.VII.02, D.S.C., concerning the disposition of Social Security
cases in this District.

The plaintiff brought this action pursuant to Sections
205(g) and 1631(c)(3) of the Social Security Act, as amended (42
U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a
final decision of the Commissioner of Social Security denying the
plaintiff's claims for disability insurance benefits and
supplemental security income benefits under Titles II and XVI of
the Social Security Act, respectively.

### ADMINISTRATIVE PROCEEDINGS

The plaintiff, Rakia Howard, filed applications for
supplemental security income benefits on December 31, 2001, and
for disability insurance benefits on February 1, 2002, alleging
that she became unable to work on December 16, 2001, due to
chronic asthma.  The applications were denied initially and on

1

reconsideration by the Social Security Administration, and, following a hearing, denied by administrative law judge on March 22, 2004.  The Appeals Council remanded the case for further administrative proceedings on May 21, 2004.  A new hearing was held on August 3, 2004.

The administrative law judge before whom the plaintiff, appeared with counsel and Robert Brabham, Jr., a vocational expert, considered the case <u>de</u> <u>novo</u>, and on October 10, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.  The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on February 28, 2005.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1.    The claimant has met the insured status requirements for Title II benefits at least through December 2006.
>
> 2.    The claimant has not engaged in substantial gainful activity since the alleged onset date of December 16, 2001.
>
> 3.    The medical evidence establishes the claimant has asthma, allergies, and depression which are "severe" impairments as defined in the regulations, but that she does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (20 CFR §§ 404.1520 and 416.920).

2

4.   The claimant's allegations concerning her inability to work are less than fully credible.

5.   The claimant has retained the residual functional capacity to perform light exertional work with restrictions that require simple, routine work; a low stress environment (defined as requiring few decisions); no interaction with the general public; occasional interaction with co-workers but not a member of a team and not working in close proximity to others; and an environment free from concentrated exposure to dust, fumes, gases, odors, humidity, wetness, temperature extremes, chemicals, or other environmental irritants. (20 CFR §§ 404.1545 and 416.945).

6.   The claimant is unable to return to her past relevant work as a fast food supervisor, fast food cook, convenience store cashier, or machine operator. (20 CFR §§ 404.1565 and 416.965).

7.   The claimant is 27 years of age, which is defined as a "younger individual." (20 CFR §§ 404.1563 and 416.963).

8.   The claimant has more than a "high school" education. (20 CFR §§ 404.1564 and 416.964).

9.   The claimant's acquired skills from past relevant work are not transferable to other work because of the residual functional capacity restriction of simple, routine work. (20 CFR §§ 404.1568 and 416.968).

10.  The claimant has the residual functional capacity to perform a significant range of light work. (20 CFR §§ 404.1567 and 416.967).

11.  Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decisionmaking, there are a significant number of jobs in the national economy that she could perform.  Examples include the light, unskilled jobs of hand packer, machine tender, and product inspector, with over 1,520,000 such jobs in the national economy.

3

> 12.   The claimant was not under a "disability," as
> defined in the Social Security Act and
> regulations, at any time through the date of this
> decision. (20 CFR §§ 404.1520 and 416.920).

(Tr. 24-25).

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits

shall be available to those persons insured for benefits, who are

not of retirement age, who properly apply, and who are "under a

disability."   42 U.S.C. § 423(a).   Disability is defined in 42

U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful
> activity by reason of any medically determinable
> physical or mental impairment which can expected
> to result in death or which has lasted or can be
> expected to last for at least 12 continuous
> months.

To facilitate a uniform and efficient processing of

disability claims, the Social Security Act has by regulation

reduced the statutory definition of "disability" to a series of

five sequential questions.   An examiner must determine whether

the claimant (1) is engaged in substantial gainful activity, (2)

has a severe impairment, (3) has an impairment which equals an

impairment contained in the Social Security Act listings of

impairments, (4) has an impairment which prevents past relevant

work, and (5) has an impairment which prevents him from doing any

other work.   20 C.F.R. § 404.1520.

4

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). However, if there is substantial evidence to support the decision of the Secretary, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

5

## ARGUMENT

By brief, the plaintiff argued the following questions:

1. Were the jobs cited by the vocational expert and adopted by the administrative law judge not substantial evidence because the vocational expert did not use the limitations posed by the administrative law judge?

2. Did the activities cited by the administrative law judge provide substantial evidence for the finding that claimant's work environment must be free from exposure to concentrated irritants?

3. Did the administrative law judge's opinion differ from that of the treating physicians? If so, did the administrative law judge give a reason to disregard that opinion as required by the regulations?

4. Is a decision based on a standard not mentioned in the testimony or in any hypothetical question fundamentally fair?

At oral argument before the undersigned on September 14, 2005, the issues narrowed and it became apparent that the issue raised by the first question, "Were the jobs cited by the vocational expert and adopted by the administrative law judge not substantial evidence because the vocational expert did not use the limitations posed by the administrative law judge?" was dispositive of the matter.

## DISCUSSION

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence

6

of jobs available in the national economy which the plaintiff can
perform despite the existence of impairments which prevent the
return to past relevant work by obtaining testimony from a
vocational expert.    Grant v. Schweiker, 699 F.2d 189, 191 (4th
Cir. 1983).

    In order for a vocational expert's opinion to be relevant
or helpful, it must be based upon a consideration of all other
evidence in the record, Chester v. Mathews, 403 F.Supp. 110 (D.
Md. 1975), and it must be in response to proper hypothetical
questions which fairly set out all of claimant's impairments.
Stephens v. Secretary of Health, Education and Welfare, 603 F.2d
36 (8th Cir. 1979).

    In this instance, the vocational expert's testimony was not
responsive to the hypothetical question proposed by the
administrative law judge.    Specifically, the administrative law
judge found the plaintiff suffers from asthma, allergies, and
depression which are "severe" and which prevent her from
returning to her past relevant work as a fast food supervisor, a
fast food cook, a convenience store cashier or a machine
operator.    (Tr. 24).    Further the administrative law judge
concluded, the plaintiff has the residual capacity to work in "an
environment free from concentrated exposure to dust, fumes,
gases, odors, humidity, wetness, temperature extremes, chemicals,
or other environmental irritants."    (Tr. 24).    The vocational

7

expert was asked by the administrative law judge if there were
jobs available to an individual with the plaintiff's background
in an "[e]nvironment free from poor ventilation, dust, fumes,
gasses, odors, humidity, wetness, temperature extremes, no
chemical or gasoline fumes, or other environmental irritants."
(Tr. 418).  The vocational expert responded that there would be
work available, such as, work as a hand packer and machine
tender.   (Tr. 418-419).

On cross examination, the vocational expert was asked if the
work place were required to be "almost completely free of
environmental irritants," (Tr. 421) would there be work
available.  To that question the vocational expert responded in
part that if "zero tolerance" were required, "that's going to be
pretty tough."  The expert continued to indicate there would be
no work available.  (Tr. 421)

The problem here comes in the apparent failure of the
vocational expert to respond to the hypothetical question as
propounded by the administrative law judge and in the expert's
imprecision in responding to subsequent questions.  Under the
administrative law judge's hypothetical question, the expert
opined there would be work in a setting "free from" environmental
irritants, but under the attorney's cross examination the expert
opined there would be no work in a setting "almost completely
free of environmental irritants."   (Tr. 421).

8

Clearly the two answers are inconsistent and cannot live in the same universe. It is clear from cross examination that the vocational expert did not consider the "free" from irritants restriction in the administrative law judge's question to be "free" and considered it something less than "almost completely free" as posed in the hypothetical question on cross-examination. It is equally clear that the vocational expert did not consider an environment "free" from environmental irritants to be suitable for some one with a "zero tolerance" to irritants, such as the plaintiff. (Tr. 421).

In short, the vocational expert's testimony was not responsive to the question propounded by the administrative law judge, was inconsistent and is not substantial evidence to support the administrative law judge's findings, the Commissioner's final conclusion, or the Commissioner's burden of proof. <u>Grant v. Schweiker</u>, 699 F.2d 189, 191 (4th Cir. 1983).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and

9

1383(c)(3), and the case be remanded to the Commissioner to take action consistent with this report. See Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 2, 2005