

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RAKIA HOWARD, <br>     Plaintiff, <br> <br> vs. <br> <br> JO ANNE B. BARNHART, Commissioner of <br> Social Security, <br>     Defendant. | § <br> § <br> § <br> § CIVIL ACTION NO. 2:05-0980-HFF-RSC <br> § <br> § <br> § <br> § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, REVERSING THE DECISION OF DEFENDANT AND REMANDING THE CASE TO DEFENDANT

This is a Social Security action. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that Defendant's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and the case be remanded to Defendant to take action consistent with the report. The report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on December 2, 2005 and Defendant filed her objections on December 12, 2005.  In those objections, Defendant argues that substantial evidence supports Defendant's decision to deny Plaintiff's benefits.  The Court respectfully disagrees.

According to the vocational expert, there are jobs available for Plaintiff in an "[e]nvironment free from . . . environmental irritants[,] but none in an environment that is "almost completely free of environmental irritants."  Report at 8.  As noted by the Magistrate Judge, "the vocational expert's testimony was not responsive to the question propounded by the administrative law judge [ALJ], was inconsistent and is not substantial evidence to support the administrative law judge's findings. . . ." *Id*. at 9.  Although Defendant "acknowledges the inconsistency" in the vocational expert's testimony, Defendant argues that "the ALJ ultimately determined within his decision that Plaintiff's residual functional capacity only required a lesser restriction to an environment **free from concentrated exposure to** those conditions."  Objections at 2   (emphasis in original) (citation and internal quotation marks omitted).  "In other words, the ALJ essentially made a distinction after the hearing that Plaintiff did not actually require an environment completely free of all exposure to irritants, and that she only needed to avoid concentrated exposure to the irritants."  *Id*. (citation omitted).

> Thus, the fact that the vocational expert ruled out work in the face of a greater degree of environmental limitation (a degree of limitation the ALJ ultimately did not accept) was not fatal to the decision in this case because the lesser degree of limitation accessed in the ALJ's decision, i.e., the restriction to avoiding only 'concentrated exposure' to irritants, would not have precluded Plaintiff from performing the jobs cited by the vocational expert.

*Id*. at 3 (citation to quotation omitted in original).  The Court cannot yield to the force of this reasoning.

2

Simply stated, Defendant's reliance on the vocational expert's testimony is misplaced. Defendant attempts to get around the contradiction in the vocational expert's testimony by asserting that, since the "the sample jobs cited by the vocational expert [for which the environment is free from environmental irritants] . . . all have 'not present' ratings [in the *Dictionary of Occupational Titles*] for nearly all environmental conditions. . . ." (Objections at 3.) This argument, however, ignores the fact that there is no testimony from the vocational expert, or any other substantial evidence in the record, to support Defendant's contention that there are jobs for Plaintiff that allows Plaintiff to avoid concentrated exposure to environmental irritants. Thus, the Court will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Defendant's objections, adopts the report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision be **REVERSED** under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and the case be **REMANDED** to Defendant to take action consistent with the report.

**IT IS SO ORDERED**.

Signed this 5th day of January, 2006, in Spartanburg, South Carolina.

/s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE